# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| TERRY LYNN FOREHAND, ) | |
| ) | |
| Movant/Defendant, ) | |
| ) | |
| v. ) | CR 02-BE-0124-E |
| ) | CV 04-BE-8005-E |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Terry Lynn Forehand initiated the present action by filing a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence. (Doc. 18).[1]  Upon consideration of the defendant's arguments, the court finds that the motion is due to be denied.

## BACKGROUND

The defendant was charged on March 28, 2002, in a multi-count indictment.  He was charged in Count One with robbing the First Citizens Bank using a weapon. (Doc. 1).  Count Two charged that he used a firearm during the First Citizens Bank robbery. (*Id.*).  Count Three charged the defendant with the robbery of a SouthTrust Bank. (*Id.*).  Count Four charged him with the armed robbery of a Regions Bank. (*Id.*).  Count Five charged him with using a firearm during the Regions Bank robbery. (*Id.*).  The robbery counts alleged violations of Title 18, United States Code, Section 2113.

The defendant entered into a plea agreement with the United States on August 20, 2002, wherein he agreed to plead guilty to the indictment except Count Two. (Doc. 8 at p. 1).  In exchange for his plea of guilty, the United States agreed to recommend that the defendant receive

---

[1] References to "Doc. ___" are to the documents as numbered by the Clerk of the Court in the court's record in this case.

a three-level reduction for acceptance of responsibility and that he be sentenced to the low end of the Sentencing Guidelines. (*Id*.). As a part of the plea agreement, the defendant relinquished his right to appeal his conviction and to file a motion pursuant to 28 U.S.C. § 2255. (*Id*. at p. 5).

The defendant pled guilty on September 3, 2002. Prior to the plea, the defendant and his counsel executed a "Guilty Plea Advice of Rights Certification," which detailed the rights he would be waiving by pleading guilty. (Doc. 9). At the plea hearing, the offense conduct specified by the prosecutor was as follows:

> . . . With respect to the evidence with respect to counts one, three, four and five, which defendant is offering his plea here today, with respect to count one, we expect the evidence to show on or about December 13, 2001, the defendant entered the First Citizens Bank located at 83183 Highway 9, Ashland, Alabama, which is Clay County, which is in the Northern District of Alabama, and whose deposits are federally insured by the FDIC, and robbed that bank by force, violence and intimidation with a firearm. The defendant approached the lone victim teller and stated, "this is a robbery, give me your money," and "hurry up, hurry up."
>
> The defendant was wearing a hooded coat with the hood pulled up on top of a coat, pulled up and the top of the coat zipper initially covering his mouth. The defendant displayed a brown and black pistol to the victim teller. He received approximately eight thousand seventy-five dollars from the victim teller.
>
> I expect the evidence to show that on or about January 25, 2002, this defendant, after being given his *miranda* rights, gave a full confession to not only this robbery but the other two robberies that we will outline in counts three and four to agents of the FBI.
>
> We expect the evidence to show that the defendant's fifteen-year-old son Mark Forehand also was interviewed by agents of the FBI and related that his father had confessed to him about robbing several banks in the Eastern Division of the Northern District of Alabama. A State of Alabama search warrant was executed at the defendant's residence on or about the same date, January 25, 2002, wherein several items of evidentiary value were taken, including shoes and clothing consistent with the type used in the bank robberies outlined in counts one, three and four.

>	We expect the evidence with respect to count three to be that on or about January 2, 2002, the defendant entered the SouthTrust Bank, who's [sic] insured by the FDIC, in Calhoun County, in Jacksonville, Alabama, which is within the Northern District of Alabama, and told the victim teller, "put all the money up there." The defendant had a brown and black BB pistol tucked into his pants pocket. This weapon was not displayed to the teller. The defendant obtained approximately two thousand nine hundred and sixty dollars from this robbery and again this is one of the robberies that the defendant previously gave a full confession to the agents of the FBI on or about January 25, 2002.
>
>	Count four, we expect the evidence to show on or about January 14, 2002, the defendant robbed the Regions Bank, who [sic] again is an FDIC insured, located in Glencoe, Alabama, which is in Etowah County, Northern District of Alabama, and had in its possession a silver handgun. The defendant verbally instructed the victim teller "put the money up there and hurry up." The defendant was driving his mother's white Chevrolet Cavalier which was parked at a car wash close to the bank. The defendant admitted to agents during that January 25 proffer that he had a heavy drug use and that contributed to his criminal activity. The defendant obtained approximately twelve thousand four hundred and fifty-four dollars from this robbery on or about January 14th 2000.
>
>	That is in essence what we expect the evidence to show, Your Honor.

(Ex. B at pp. 17-19).[2]

After the prosecutor's statement, the defendant indicated that the factual basis provided by the United States was substantially correct. (*Id*. at p. 20).

The court explained each count to the defendant, including the elements of the offenses and the possible punishment. The court made sure the defendant understood his constitutional rights and that by pleading guilty he was waiving the same. The court also explained and discussed with the defendant the fact that he was waiving his right to appeal. The defendant stated that he understood what he was waiving and that he intended to do so. The court accepted the defendant's plea.

---

[2] The documents marked as "Ex. __" are located at document 23.

The defendant was sentenced on December 2, 2002, to a term of one hundred months on the bank robberies and sixty months consecutive on the firearms charge in Count Five. The Second Count was dismissed. The sentence was to run concurrent with the sentence imposed in a related matter in the United States District Court for the Middle District of Alabama.[3] There were no objections to the sentence. The court informed the defendant that if he believed that the appeal waiver was unenforceable, he could appeal that point, but he must do so within ten days. No appeal was filed.

The defendant filed the present motion on March 8, 2004. (Doc. 18). He appears to be asserting (1) that the trial court lacks subject matter jurisdiction over him, (2) that he received ineffective assistance of counsel, and (3) the court improperly sentenced him when it "enhanced the petitioner's sentence by two points, when the court had already sentenced the petitioner to a consecutive term of 84 months for a § 924(c) violation." (*Id*. at p. 3). The defendant also filed an "Affidavit of Special Negative Averment" wherein he alleged that the prosecution was improper because the victim banks, the Federal Reserve Bank, and the United States lacked "standing" and the "capacity" to bring a criminal action against him. (Doc. 19 at p. 4). The United States Magistrate Judge assigned this matter required the United States to file a response to show cause why the requested relief should not be granted. (Doc. 20). The United States responded that the motion was due to be dismissed because the defendant knowingly, intelligently, and voluntarily waived his right to file a motion pursuant to § 2255. (Doc. 23 at pp. 1-2 (citing Ex. A at p. 1)).

---

[3] The defendant also pled guilty to the attempted robbery of another bank in Wedowee, Alabama, which was located in the Middle District of Alabama. (See Presentence Report at ¶ 62).

The defendant filed a "Motion for 'Summary Judgment'" premised on the fact that the United States failed to respond to his "Affidavit of Specific Averment." (Doc. 25). Therein, he asserts that the motion of the United States to dismiss his § 2255 petition should be denied. (*Id*. at p. 4). He has also requested that the court issue a "default" premised on the failure of the United States to respond to his affidavit. (Doc. 26). The defendant has also filed a motion for leave to file a motion for discovery. (Doc. 27).

The United States notified the court of the recent Eleventh Circuit Court of Appeals decision in *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), that a valid sentence-appeal waiver entered into voluntarily and knowingly pursuant to a plea agreement, precluded the defendant from attempting to attack his sentence in a collateral proceeding through a claim of ineffective assistance of counsel during sentencing. In response, the defendant filed an "answer" stating that he "never raised 'ineffective assistance of counsel,' but instead raised five issues: (1) 'structural error,' concerning the former Federal Rules of Criminal Procedure; (2) violations of the federal Constitution's substantive categorical guarantees; (3) violations of the 'separation-of-powers' doctrine; (4) two constructions of Title 18 U.S.C.A. § 3231; and (5) two constructions of Article III, § 2, and the 'abrogation' of the 'irreducible constitutional minimums.'" (Doc. 2 at pp. 4-5).[4]

## DISCUSSION

### Waiver

The defendant agreed to waive his right to seek relief pursuant to 28 U.S.C. § 2255 when

---

[4] This document reference is to the filings in the post-conviction challenge in *Terry Lynn Forehand v. United States of America*, CV 04-BE-8005-E.

he entered his guilty plea in this case. That waiver is evidenced by the plea agreement. Additionally, he acknowledged that waiver during his guilty plea hearing. The defendant, who was under oath, indicated that he understood the plea agreement and the waiver provisions. The court specifically informed him at the plea and the sentencing that the waiver would be enforceable, and that if he believed that it was not, that he should present his argument to the appellate court. The defendant did not appeal after he was sentenced.

As asserted by the United States, the Eleventh Circuit Court of Appeals has held that an appeal waiver provision in a plea agreement is enforceable if the waiver is made knowingly and voluntarily. *See United States v. Weaver,* 275 F.3d 1320, 1333 (11th Cir. 2001), *cert. denied*, 536 U.S. 961, 122 S. Ct. 2666, 153 L. Ed. 2d 840 (2002); *United States v. Pease,* 240 F.3d 938, 942 (11th Cir.), *cert. denied*, 534 U.S. 967, 122 S. Ct. 381, 151 L. Ed. 2d 290 (2001). Similarly, a waiver of collateral review has also been approved by the Eleventh Circuit so long as the United States demonstrates that the waiver was made knowingly, intelligently, and voluntarily. *Allen v. Thomas,* 161 F.3d 667 (11th Cir. 1998). The Eleventh Circuit views a waiver as a contract between the Government and a criminal defendant. It has stated:

> [A]mong the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. *See United States v. Bushert,* 997 F.2d 1343, 1350 (11th Cir. 1993). In this case, [the appellant's] waiver was clearly knowing and voluntary – he was specifically questioned by the district court regarding the waiver of his right to appeal. *See United States v. Buchanan,* 131 F.3d 1005, 1008 (11th Cir. 1997). The plea agreement is therefore enforceable and would appear to bar this appeal.

*United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999).

The record demonstrates that the defendant's assent to the terms of his plea agreement, including his waiver of his right to appeal and to pursue relief in a § 2255 motion, was

knowingly, intelligently, and voluntarily made. The court specifically informed the defendant that the waiver in his agreement was enforceable, and that the Eleventh Circuit was the appropriate forum for any challenge to the enforceability of the waiver. Additionally, the record demonstrates that the defendant had the ability to understand his decision to waive these rights. Accordingly, the defendant's motion is barred from review by this court.

### Otherwise Not Entitled to Relief

To the extent that the defendant asserts purported jurisdictional claims that must be addressed, the court finds that they are without merit. *See United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785, 152 L. Ed. 2d 860 (2002) (defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court). According to the petitioner, he is entitled to relief because of (1) a 'structural error,' concerning the former Federal Rules of Criminal Procedure; (2) violations of the federal Constitution's substantive categorical guarantees; (3) violations of the 'separation-of-powers' doctrine; (4) the two constructions of Title 18 U.S.C.A. § 3231; and (5) the two constructions of Article III, § 2, and the 'abrogation' of the 'irreducible constitutional minimums.'" (Doc. 2 at pp. 4-5).

Upon a review of the record, the court finds no support for the constitutional deficiencies alleged by the defendant. There were no separation-of-powers, jurisdictional, or due process violations in the taking of the plea and the sentencing of the defendant in this case. The court had jurisdiction in this matter premised on the fact that the proffer of the Assistant United States Attorney showed that the financial institutions that were robbed by the defendant were insured by the Federal Deposit Insurance Corporation. Nothing before the court warrants a contrary finding. Similarly, nothing before the court supports a separation-of-powers challenge, a claim of a due

process violation, or a finding of any other constitutional infirmity.[5]

## CONCLUSION

Premised on the foregoing, the defendant's motion to vacate (doc. 18) is due to be denied.

An appropriate order denying this motion will be entered contemporaneously herewith.

**DONE**, this 19th day of May, 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[5] To the extent the defendant complains that his sentence was enhanced premised on the fact that he had a firearm during the robbery charged in Count One, when he was already sentenced to five years on the other gun charge (Count Five), the court finds no error. (Doc. 18 at p. 3). Under the Sentencing Guidelines, "if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction." U.S.S.G. Amendment 599.